# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

CHARLES K. JOHNSTON, JR.                                                  **PLAINTIFF**

**V.**                                    **CASE NO. 5:17-CV-05193**

**KINSEY RIVERS, Probation and
Parole Officer; and MARK BERNTHAL,
District Supervisor of Probation/Parole
Officers**                                                               **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Charles K. Johnston, Jr., under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and has filed an application to proceed *in forma pauperis* ("IFP") (Doc. 2). He is currently incarcerated in the Benton County Detention Center ("BCDC").

The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff was on parole from the Arkansas Department of Correction. Plaintiff names as Defendants: Kinsey Rivers, his Arkansas parole agent; and Mark Bernthal, the probation and parole supervisor for the

district that includes Benton County.

Plaintiff alleges he was held in jail in Tulsa, Oklahoma, on a parole revocation charge from December 19, 2016, until April 30, 2017. Plaintiff alleges the Defendants failed to extradite him back to Arkansas in a timely manner. As a result of his lengthy incarceration in the Tulsa detention center, Plaintiff states he lost a $15 an hour job and became homeless.

On or around June 21, 2017, Plaintiff alleges the Olathe, Kansas, Police Department arrested him on the "same violation." Plaintiff states he was sent back to Arkansas within 24 hours. Plaintiff's parole revocation hearing was held on August 17, 2017. According to Plaintiff, at his hearing, Kinsey Rivers perjured herself by testifying that the Tulsa detention center had failed to notify the Arkansas parole officers of Plaintiff being held and ultimately released. Plaintiff does not allege any facts suggesting the Arkansas parole officers were notified of his detention.

Plaintiff alleges that he did not contact the parole agents at any time and did not know what to do after Tulsa County released him. He states he had no contact with his parole agent Kinsey Rivers. As relief, Plaintiff seeks compensatory and punitive damages.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court

bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims are subject to dismissal. First, Plaintiff filed a prior action against Kinsey Rivers and Mark Bernthal stemming from the same incidents addressed in this complaint. *Johnston v. Wilkins, et al.,* Civil No. 5:17-cv-05158. The prior action was dismissed as frivolous and for failure to state a claim under the IFP statute on August 29, 2017.

While a dismissal under the IFP statute "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a dismissal under the IFP statute "has res judicata effect 'on frivolousness determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)). Accordingly, the dismissal under the IFP statute of Plaintiff's "first claim [against Kinsey Rivers and Mark Bernthal] has res judicata effect and establishes that his second, identical claim is frivolous" for purposes of the IFP statute. *Waller*, 38 F.3d at 1008.

Second, Plaintiff's claims against Mark Bernthal and Kinsey Rivers are subject to dismissal. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the

-3-

Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Here, the complaint contains no factual allegations indicating that either of these Defendants was notified of the fact that Plaintiff was detained in the Tulsa detention center. In fact, Plaintiff alleges Kinsey Rivers testified that Arkansas was not notified of this fact. There are no facts alleged that establish a plausible cause of action against these Defendants for unlawful or wrongful detention.

### III. CONCLUSION

The claims are subject to dismissal for failure to state a claim and because they are barred by *res judicata.* 28 U.S.C. § 1915(e)(2)(B). Therefore, the complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** on this _30th_ day of October 2017.

                                                  _____
                                                  TIMOTHY L. BROOKS
                                                  UNITED STATES DISTRICT JUDGE